## Citizens National Life Insurance Company v. Rutherford.

(Decided March 12, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 3). ·

Insurance, Life—Construction and Operation of Policy.—Where the language of the policy is clear and plain and susceptible of but one construction, the courts must take the contract as the parties have made it; it is not for the courts to say that the .parties did not intend that which is the manifest and only meaning of the language used by them.

HELM BRUCE and BRUCE & BULLITT for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

On September 13, 1905, the Citizens Life Insurance Company (now the Citizens National Life Insurance Company), issued upon the life of Virgil C. Rutherford two policies of life insurance in the sum of twenty-five hundred dollars each, in favor of his wife, Louise S. Rutherford, the two policies being identical in form, and the language thereof, so far as herein brought into question, being as follows:

"Insure the life of Virgil C. Rutherford, of Louisville, in the County of Jefferson, State of Kentucky, hereinafter called the insured, in the sum of twenty-five hundred dollars, to be paid at the home office of the company in the city of Louisville, *less any indebtedness of the insured or beneficiary to the company* immediately upon receipt and approval of proofs of the death of the insured, to his wife, Louise S. Rutherford (or to such other beneficiary or beneficiaries as may be designated by the insured as hereinafter provided) this policy being then in force."

The policies were of the class known as "Twenty-year convertible term;" and contained provisions that the insured "may without the consent of the beneficiary receive all benefits, exercise all rights, and enjoy all privileges under this policy which otherwise the beneficiary might receive, exercise or enjoy according to the terms thereof, and subject to the rules of the company regarding assignments and beneficiaries, may at any,

time during the continuance of the policy, provided the policy has not been assigned, change the beneficiary or beneficiaries by written notice to the company at its home office.''

At the time these policies were issued, Mr. Rutherford was an agent of the company; and he continued in the service of said company for some time thereafter. He died on April 5, 1911. After his death, his widow, the beneficiary under the policies, made proof of his death and demanded payment of the proceeds of the two policies, and same being refused, she instituted an action against the company in the Jefferson Circuit Court to recover same.

The company answered, alleging in substance that at the death of the insured he was indebted to the company in an amount exceeding five thousand dollars, the amount of the policies sued on; that it had loaned him that amount; and by an amended answer, it further pleaded that at the time of the issuing of the policies and at the time it loaned him the sums mentioned, he was an agent of the company, and was thoroughly familiar with the form and meaning of its policies, and that he knew and understood and knew that the company understood that the amount payable under a policy of the kind in question was twenty-five hundred dollars less any indebtedness that either he or the beneficiary might owe the company without regard to the nature or origin thereof, and that the money loaned by the company to the insured was loaned on the faith of this provision in the policies, and that insured knew of this fact.

To this answer as amended, the court sustained a demurrer, and the defendant company declining to plead further, judgment was rendered against it for five thousand dollars, the full amount of said policies; and the company appeals.

It is said that the demurrer to the answer as amended was sustained by the court below upon the ground that the language of the policies, ''less any indebtedness of the insured or beneficiary to the company'' should be construed to limit the right of the company to withhold from the proceeds of the policies in question only such sums as were due for past-due premiums or such as may have been obtained from the company upon and secured by an assignment of the said policies.

The language of the policies, in words as plain and clear as could be used, is that the company insures the

life of Virgil C. Rutherford "in the sum of twenty-five hundred dollars to be paid at the home office of the company in the city of Louisville, *less any indebtedness* of the insured or beneficiary to the company." This is the contract the parties have made. The court cannot add to nor take therefrom. It is not for the court to say that the parties did not intend that which is the manifest and only meaning of the language used; nor to read into the contract the qualification attempted by the lower court.

The policies in question were of the class which have no cash surrender or loan value; and the money which the company claims to have loaned Mr. Rutherford was not a loan against the policies nor was it connected with the policies, for they had no "loan value." The policies simply gave the company the right to deduct from the proceeds thereof upon the death of the insured, any sums owing to it by either the insured or the beneficiary; and the courts must take the contract as they find it, and determine the rights of the parties from the contract as the parties have made it.

The lower court erred in sustaining a demurrer to the answer as amended.

Judgment reversed.